No. 97,872

STATE OF KANSAS, *Appellee,* v. JERRY ALLEN HORN, *Appellant.*

(238 P.3d 238)

Opin-ion filed August 20, 2010.

*Jessica J. Travis,* of Keck & Travis, LLC, of Olathe, argued the cause and was on the briefs for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Phill Kline*, district attorney, and *Paul J. Morrison*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Jerry Allen Horn seeks review of the Court of Appeals' decision affirming his upward durational departure sentence for multiple sex crimes involving a child. The district court relied on the aggravating factor that Horn had a fiduciary relationship with the 10-year-old male victim. Horn challenges both the process employed to determine the aggravating factor and the sufficiency of the evidence supporting the factor. Finding that the district court followed a procedure which was not statutorily authorized, we vacate Horn's sentence and remand for resentencing.

### FACTUAL AND PROCEDURAL OVERVIEW

Prior to the incidents giving rise to the charges against Horn, he had developed a close relationship with the victim, C.T.P., and the victim's family to the point that C.T.P.'s mother described Horn as being part of their family. Horn regularly transported C.T.P. and his twin brother to music lessons and church classes, and frequently took the boys on the weekends for recreational activities, such as water skiing. Eventually, C.T.P.'s allegations that Horn had touched him inappropriately came to the attention of a teacher, ultimately resulting in an amended complaint charging Horn with three counts of aggravated sodomy, three counts of aggravated indecent liberties with a child, and one count of sexual exploitation of a child under age 18.

Horn pled not guilty to the charges, and the matter was scheduled for jury trial. The State timely filed a notice of its intent to seek an upward durational departure sentence, based upon the aggravating factor that Horn had a fiduciary relationship with the victim. However, on the first day of the scheduled jury trial, Horn pled guilty as charged, without the benefit of a plea bargain. Before accepting the plea, the district court thoroughly examined Horn's understanding of the implications of his plea change and determined that the plea was knowingly and voluntarily entered. The

court explained to Horn that after the plea was entered, it would proceed to the departure hearing.

The court confirmed with the attorneys that they still wanted to have a jury make the determination as to whether a fiduciary duty existed between the defendant and victim. Defense counsel advised the court that he had not discussed with his client or the prosecutor the possibility of waiving the departure hearing jury, but at that point the defense was prepared to proceed with a jury. The court advised that it would proceed to impanel a jury for the upward durational departure sentence proceeding from the pool of jurors who had appeared for the scheduled jury trial.

A discussion ensued as to the evidence the State would be permitted to present to the jury and whether the jury would be advised of the crimes to which Horn had pled. The court treated the matter as a defense motion in limine to exclude evidence of the sexual acts between Horn and C.T.P. The court overruled the motion with respect to the first six counts involving sexual acts between Horn and C.T.P., opining that those sexual acts could not be separated from the question of the character of the relationship between the defendant and the victim. Accordingly, the jury was advised of the charges to which Horn had pled and received evidence of the facts which supported those crimes.

After the State concluded its evidence, Horn unsuccessfully moved for a judgment of acquittal. Horn did not testify, and the defense presented no witnesses. The jury unanimously found the existence of a fiduciary relationship between Horn and C.T.P. The district court doubled the guidelines sentences on all seven counts and ordered them to be served consecutively, which resulted in a total prison term of 1,088 months. However, the court reduced the total sentence to 468 months, to comply with the statutorily allowed maximum prison sentence. See K.S.A. 21-4720(c)(2) and (c)(3) (double-double rule).

Horn appealed to the Court of Appeals, raising several issues: (1) the district court was not authorized by statute to impanel the jury for the departure hearing; (2) the aggravating factor of a "fiduciary relationship" was unconstitutionally vague; (3) "fiduciary relationship" was not a proper aggravating factor for Horn's crimes;

(4) the district court failed to make a prehearing determination that "fiduciary relationship" was an appropriate upward departure factor; (5) the admission of evidence about specific sex acts was improper; (6) the admission of C.T.P.'s videotaped statement violated Horn's right to confrontation; (7) jury instructions 10, 11, and 14-21, were erroneous and a cautionary instruction should have been given to limit the jury's consideration of the sex-acts evidence; (8) Horn's motion for judgment of acquittal should not have been denied; (9) the district court erred by not requiring that mitigating evidence be submitted to the jury; (10) the evidence of fiduciary relationship was neither substantial nor compelling; and (11) the district court failed to make the proper finding on the record that the aggravating factor was a substantial and compelling reason for departure.

The Court of Appeals affirmed the district court's procedure and the resulting departure sentence. *State v. Horn*, 40 Kan. App. 2d 687, 709, 196 P.3d 379 (2008). The panel did find that the district court should have given a limiting instruction on the sexual acts evidence, informing the jury that such evidence should be considered solely for the purpose of determining whether a fiduciary relationship existed. However, the Court of Appeals opined that the omission of such an instruction, which was not requested by the defense, was not clearly erroneous in light of its determination that there was other, overwhelming, evidence of a fiduciary relationship. 40 Kan. App. 2d at 704-05. Horn filed a petition for review with this court, which was granted.

*Statutory Authority to Impanel a Separate Jury for an Upward Durational Departure Sentence Hearing Following a Guilty Plea*

First, Horn contends that the district court did not have the statutory authority to impanel a separate jury for the upward durational departure sentence hearing. He argues that the departure sentencing statute, K.S.A. 21-4718, specifically refers to the use of the "trial jury" in the departure proceedings. There was no trial jury in his case, because the entry of a plea necessarily includes a waiver of the trial jury. Therefore, Horn asserts that the district court created a sentencing scheme that was not expressly set forth

in the statutes, which he contends was erroneous under the holding in *State v. Kessler*, 276 Kan. 202, 215-17, 73 P.3d 761 (2003). While we do not fully embrace Horn's characterization of either the statutory language or the *Kessler* holding, we agree that the sentencing scheme utilized by the district court was contrary to the statutory mandate.

*Standard of Review*

The question presented here will be resolved through an interpretation of the statutes applicable to an upward durational departure sentence. We have unlimited review over questions of statutory interpretation. *State v. Henning*, 289 Kan. 136, 139, 209 P.3d 711 (2009). In construing statutory provisions, the legislature's intent governs if that intent can be determined from the statutory language, giving ordinary words their ordinary meaning. 289 Kan. at 139.

*Analysis*

Initially, the Court of Appeals noted that Horn had not objected to the procedure employed by the trial court and was raising constitutional challenges to that procedure for the first time on appeal. See *State v. Spotts*, 288 Kan. 650, 652, 206 P.3d 510 (2009) (generally, constitutional issues cannot be raised for the first time on appeal). In fact, Horn affirmatively argued to the district court that the existing statute, together with *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001), and other cases, required a jury. Nevertheless, citing an exception to the general rule, *i.e.*, "consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights," the Court of Appeals addressed the merits of Horn's complaint. See *Spotts*, 288 Kan. at 652 (listing three recognized exceptions to the general rule prohibiting first-time consideration of issues on appeal). Given our belief that the Court of Appeals misconstrued the provisions of K.S.A. 21-4718, we will likewise reach the merits. *Cf. State v. Cullen*, 275 Kan. 56, 60, 60 P.3d 933 (2003) (court considered the merits of constitutional attack on upward durational departure sentence).

K.S.A. 21-4716(a) directs the sentencing judge to impose the presumptive sentencing guidelines sentence, but permits a depar-

ture from the presumptive sentence if the judge finds substantial and compelling reasons to impose a departure sentence. K.S.A. 21-4716(c) contains nonexclusive lists of both mitigating and aggravating factors that the judge may consider in determining the existence of substantial and compelling reasons to depart. One of the listed aggravating factors is: "The offense involved a fiduciary relationship which existed between the defendant and the victim." K.S.A. 21-4716(c)(2)(D).

However, if a fact, other than a prior conviction, will be used to increase the sentence beyond the statutory maximum, *i.e.*, if the fact will be used for an upward durational departure, such fact must be submitted to a jury and proved beyond a reasonable doubt. K.S.A. 21-4716(b). The manner in which this jury requirement is to be accomplished is set forth in K.S.A. 21-4718(b). Accordingly, we will review that provision in some detail.

The first subsection, K.S.A. 21-4718(b)(1), specifies that a prosecutor may seek an upward durational departure sentence by filing a motion within a specified time prior to the trial date. Horn does not challenge the State's compliance with this filing requirement.

The next three subsections provide as follows:

"(2) The court shall determine if the presentation of any evidence regarding the alleged fact or factors that may increase the penalty for a crime beyond the statutory maximum, other than a prior conviction, shall be presented to a jury and proved beyond a reasonable doubt during the trial of the matter or following the determination of the defendant's innocence or guilt.

"(3) If the presentation of the evidence regarding the alleged fact or factors is submitted to the jury during the trial of the matter as determined by the court, then the provisions of subsections (b)(5), (b)(6) and (b)(7) shall be applicable.

"(4) If the court determines it is in the interest of justice, the court shall conduct a separate departure sentence proceeding to determine whether the defendant may be subject to an upward durational departure sentence. Such proceeding shall be conducted by the court before the trial jury as soon as practicable. If any person who served on the trial jury is unable to serve on the jury for the upward durational departure sentence proceeding, the court shall substitute an alternate juror who has been impaneled for the trial jury. If there are insufficient alternate jurors to replace trial jurors who are unable to serve at the upward durational departure sentence proceeding, the court may conduct such upward durational departure sentence proceeding before a jury which may have 12 or less jurors, but at no time less than six jurors. Any decision of an upward durational departure sentence proceeding shall be decided by a unanimous decision of the jury. Jury

selection procedures, qualifications of jurors and grounds for exemption or challenge of prospective jurors in criminal trials shall be applicable to the selection of such jury. The jury at the upward durational departure sentence proceeding may be waived in the manner provided by K.S.A. 223403, and amendments thereto, for waiver of a trial jury. If the jury at the upward durational departure sentence proceeding has been waived or the trial jury has been waived, the upward durational departure sentence proceeding shall be conducted by the court." K.S.A. 21-4718(b).

The Court of Appeals quoted subsection (b)(2), specifically emphasizing the phrase, "following the determination of the defendant's innocence or guilt." *Horn*, 40 Kan. App. 2d at 694. The panel opined that the language does not distinguish between the determination of guilt based upon a plea and the determination of guilt by a trial jury. *Horn*, 40 Kan. App. 2d at 694.

Contrary to the Court of Appeals, we do not find subsection (b)(2) to be applicable to or dispositive of our inquiry, especially when that provision is viewed in conjunction with the subsections that follow. See *State v. Breedlove*, 285 Kan. 1006, 1015, 179 P.3d 1115 (2008) (appellate courts must consider various provisions of an act *in pari materia* with a view of reconciling and bringing the provisions into workable harmony, if possible). The (b)(2) subsection simply directs the district court to determine when to allow the *evidence* of the sentence-enhancing factor to be presented to the jury, with the options being during the guilt phase of the trial or after the jury has reached its verdict. Then, the next subsection, (b)(3), tells the court how to proceed if it has determined to allow the sentence-enhancing evidence to be presented during the guilt phase of the trial. That is followed by subsection (b)(4), which advises the court how to proceed if it has determined the interest of justice requires a separate, postconviction departure sentence proceeding, *i.e.*, that the jury should not be hearing about the sentence-enhancing factors when determining guilt.

In short, subsection (b)(2) deals with when the trial jury should hear the departure evidence; it does not answer the question of whether a new and separate departure jury may be impaneled after a guilty plea, *i.e.*, after a waiver of the trial jury. The answer to that question must be found within the provisions of K.S.A. 21-4718(b)(4), which we will proceed to dissect.

As Horn points out, K.S.A. 21-4718(b)(4) appears to contemplate the use of an existing trial jury in the separate departure sentence proceeding. The provision begins by declaring that a separate departure sentence proceeding *"shall* be conducted by the court before the *trial jury* as soon as practicable." (Emphasis added.) The provision then speaks to the circumstance where a trial juror is unable to serve on the departure sentence proceeding jury. In that instance, the court is first directed to use the alternate jurors who were impaneled for the trial jury. If there are insufficient alternate jurors to replace the missing trial jurors, the court is permitted to proceed with a jury of less than 12 persons, "but at no time less than six jurors." K.S.A. 21-4718(b)(4). Regardless of the number of jurors, any decision in an upward durational departure sentence proceeding must be unanimous.

At this point, the legislature included a sentence which might suggest that it was contemplating an entirely new jury for the separate departure proceeding. That sentence reads: "Jury selection procedures, qualifications of jurors and grounds for exemption or challenge of prospective jurors in criminal trials shall be applicable to the selection of such jury." K.S.A. 21-4718(b)(4). One purpose for that language might be to cover the situation in which there are less than six jurors remaining from the trial jury, so that additional jurors must be selected to comply with the six-juror statutory minimum. Such a reading would comport with the provisions that follow.

The next sentence clarifies that the jury for the upward durational departure sentence proceeding may be waived in the same manner as provided for the waiver of the trial jury. Then, the last sentence of K.S.A. 21-4718(b)(4) provides explicit directions: "If the jury at the upward durational departure sentence proceeding has been waived *or the trial jury has been waived,* the upward durational departure sentence proceeding *shall be conducted by the court."* (Emphasis added.)

It is difficult to conceive of any language which would have made the provision any more clear and unambiguous that a defendant's waiver of his or her right to a jury trial on the issue of guilt mandates that the court, not a jury, will hear the evidence and make the

factual findings on the existence of the asserted sentence-enhancing factor. The last two sentences of K.S.A. 21-4718(b)(4) separately refer to "the jury at the upward durational departure sentence proceeding" and "the trial jury." That express distinction only makes sense if "trial jury" was intended to mean a jury that is functioning to determine the defendant's guilt, as opposed to a jury that is performing a post-conviction function with respect to a departure. See *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, 754, 189 P.3d 494 (2008) (courts should construe statutes to avoid unreasonable results and should presume legislature does not intend to enact useless or meaningless legislation). Moreover, the provision uses the disjunctive, "or," to clarify that either an initial waiver of the trial jury or a subsequent waiver of the departure jury will result in a court-conducted departure sentence proceeding. See *State v. Johnson*, 289 Kan. 870, Syl. ¶ 1, 218 P.3d 46 (2009) (connecting word "or" ordinarily means the connected items are to be viewed in the disjunctive). Finally, the legislature mandated that in the event of a waiver of either the trial jury or the departure jury, the departure proceedings "shall" be conducted by the court. *Cf. State v. Raschke*, 289 Kan. 911, Syl. ¶ 4, 219 P.3d 481 (2009) (discussing "shall" as directory or mandatory).

On appeal, the State has apparently now come to the same conclusion on the meaning of the statute. After emphasizing essentially the same statutory language in K.S.A. 21-4718(b)(4) as we have highlighted above, the State declares in its brief that "[t]he upward durational departure sentence proceeding should have been conducted before the court." However, the State argues that the use of a jury in this case does not require reversal because Horn invited the error and because Horn received more process than that to which he was due. While such arguments are seductive, the fact remains that the district court did not employ the explicit procedure for upward durational departure sentence proceedings mandated by the legislature. Although the specific holding in *Kessler* was that after the statutory procedure for imposing upward durational departure sentences was declared unconstitutional, the district court was left with no authority to impose such a sentence, the opinion also clarified that "[a] district court's authority to im-

pose sentence is controlled by statute." 276 Kan. at 217. Accordingly, the employment of a sentencing procedure which does not comply with the applicable statute must be deemed unauthorized and erroneous. The defendant should not be deemed to have invited error by joining with the prosecutor and trial judge in misinterpreting the court's statutory authority. See *In re Petition of City of Shawnee for Annexation of Land*, 236 Kan. 1, 16-17, 687 P.2d 603 (1984) (" 'parties to an action may not stipulate for the determination thereof by the trial court in a manner contrary to the statutes or rules of court' " [quoting 73 Am. Jur. 2d, Stipulations § 4]); *Ritchie Paving, Inc. v. City of Deerfield*, 275 Kan. 631, 641, 67 P.3d 843 (2003) ("Stipulations as to what the law is are not effective and not controlling on this court.").

Ironically, if the district court had followed the statutory directions and proceeded with court-conducted departure proceedings based upon the trial jury waiver inherent in a guilty plea, it may have run afoul of the holdings in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *Gould*, 271 Kan. 394, which the legislature specifically intended to address in its amendments to K.S.A. 21-4716(b). *Gould* essentially held that, under the *Apprendi* principles, a sentencing scheme under which the judge conducts the departure proceeding is unconstitutional. 271 Kan. 394, Syl. ¶ 3. In *State v. Cody*, 272 Kan. 564, 565, 35 P.3d 800 (2001), this court further clarified that a defendant's admission to each of the elements of the criminal offense in conjunction with a guilty plea " 'is in no way an admission that the sentencing factors used to increase [his or her] sentence were proved beyond a reasonable doubt.' "

However, the United States Supreme Court expressly recognized that a defendant may waive his or her right to have a jury decide sentence-enhancing factors. See *Blakely v. Washington*, 542 U.S. 296, 310, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004). Accordingly, the portion of K.S.A. 21-4718(b)(4) directing a court-conducted departure proceeding where "the jury at the upward durational departure sentence proceeding has been waived" does not run afoul of *Apprendi* or its progeny or this court's decision in *Gould*. The question becomes whether a waiver of the trial jury,

standing alone, will also waive the right to have a jury determine beyond a reasonable doubt any aggravating factors supporting a departure sentence. We identified, but declined to decide, that question in *State v. Kneil*, 272 Kan. 567, 571, 35 P.3d 797 (2001). Today, we must do so.

Although *Apprendi* and *Gould* were founded upon a defendant's Sixth Amendment right to a jury trial, the effect of a defendant's waiver of constitutional rights implicates the Due Process Clause. To satisfy due process, a waiver must be an intentional abandonment or relinquishment of a known right or privilege. *State v. Copes*, 290 Kan. 209, Syl. ¶ 5, 224 P.3d 571 (2010). More specifically, a defendant's waiver of rights in conjunction with a guilty plea must be a voluntary, knowing, and intelligent act performed with sufficient knowledge of the relevant circumstances and likely consequences. *State v. Shopteese*, 283 Kan. 331, 340-41, 153 P.3d 1208 (2007).

Here, when Horn waived his right to the trial jury as part of the plea hearing, he was not informed that such an act would also waive his right to have a jury for the upward durational departure sentence proceeding. To the contrary, Horn's counsel specifically informed the district court that counsel had not discussed the possibility of such a waiver with Horn. Accordingly, a strict application of K.S.A. 21-4718(b)(4)—*i.e.*, mandating a court-conducted departure proceeding based upon a trial jury waiver—would effect a denial of Horn's constitutional right to a departure jury without due process of law.

To summarize, if a defendant waives a trial jury by pleading guilty to the criminal offense and the district court has accepted the plea and the trial jury waiver, K.S.A. 21-4718(b)(4) directs that an upward durational departure sentence proceeding is to be conducted by the court, not a jury. However, if the defendant has not waived his or her right to a jury for the upward durational departure sentence proceeding, a court-conducted departure proceeding violates the constitutional mandates of *Apprendi* and *Gould*. A waiver of the trial jury, standing alone, does not effectively waive the defendant's right to have a jury for the upward durational departure sentence proceeding. We recognize that the result we

reach today is unlikely to be what the legislature would have intended to occur. However, " '[n]o matter what the legislature may have really intended to do, if it did not in fact do it, under any reasonable interpretation of the language used, the defect is one which the legislature alone can correct. [Citation omitted.]' *Eveleigh v. Conness*, 261 Kan. 970, 978, 933 P.2d 675 (1997)." *Johnson*, 289 Kan. at 879.

Applying our holding to the case at hand, we find that the district court erred by impaneling a jury for Horn's upward duration departure sentence proceeding, following its acceptance of Horn's plea and trial jury waiver. However, Horn specifically declined to waive his right to a jury for the upward durational departure sentence proceeding, and, therefore, the district court was constitutionally precluded from following the statutory mandate for a court-conducted proceeding. Accordingly, Horn's sentence is vacated, and the case is remanded for resentencing without an upward durational departure.

Given our foregoing holding, we need not address the other issues presented.

Sentence vacated and case remanded for resentencing.