NOT DESIGNATED FOR PUBLICATION

No. 114,393

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RYAN GARRETT HOLLE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed August 19, 2016. Affirmed.

*Ryan Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Barry K. Disney*, assistant county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., BUSER and STANDRIDGE, JJ.


*Per Curiam*:  Ryan Garrett Holle appeals the district court's decision to deny his presentence motion to withdraw his guilty plea to one count of battery against a county correctional officer. Holle argues he sufficiently established the good cause necessary to withdraw his plea. Because Holle failed to establish good cause to withdraw his plea, we affirm the decision of the district court.

1

In 2014, the State charged Holle with three counts of battery against a county correctional officer. On the day his case was scheduled for jury trial, Holle entered into a plea agreement with the State. He signed a written document entitled Defendant's Acknowledgment of Rights and Entry of Plea, as well as a written plea agreement. The plea agreement expressly provided that the sentencing range for the three counts of battery against a county correctional officer was imprisonment for 31 to 136 months. The plea agreement also provided, however, that the State agreed to dismiss two of the three battery charges with prejudice and to join Holle's request for a downward durational departure prison sentence of 36 months on the remaining count of battery against a county correctional officer.

The parties appeared at a plea hearing that same day. At the hearing, Holle confirmed that he had read and understood all of the information in the Defendant's Acknowledgment of Rights and Entry of Plea and the plea agreement, that he had discussed the contents of these documents with his attorney, and that his attorney had answered any questions about the documents to his satisfaction. Holle further stated that he signed the documents freely and voluntarily, without threat or coercion. After engaging in a colloquy with Holle, the district court judge found Holle understood his rights and the consequences of his plea. As such, the district court accepted Holle's guilty plea to one count of battery against a county correctional officer.

Holle later refused to appear at the scheduled sentencing hearing. Defense counsel advised the district court that Holle wanted to withdraw his plea. Based on the conversation defense counsel had with Holle, counsel moved the court to have Holle evaluated for competency to stand trial. The court ordered a competency evaluation and continued sentencing pending the results. Nevertheless, the district court judge noted his belief that Holle had "clearly understood" what was taking place at the plea hearing.

Pawnee Mental Health Services evaluated Holle's competency to stand trial. After reviewing the report submitted by Pawnee Mental Health Services, the district court found Holle competent as a matter of law. At this hearing, Holle verbally moved to withdraw his guilty plea. In support of his motion, Holle told the court his counsel was ineffective at the time he entered his plea of guilty. More specifically, Holle said he did not understand the full extent of the maximum presumptive sentence that he was facing as compared to the sentence recommended by the plea agreement. Holle felt that the difference between the 36-month plea offer and a potential 120-month sentence did not "make much of a difference in [his] life." Holle concluded by asking the court to appoint a new attorney to represent him for purposes of arguing his motion to withdraw his guilty plea. The court granted Holle's request for a new attorney and scheduled a hearing on Holle's motion to withdraw his plea.

At the hearing, Holle's new counsel informed the district court that he had met with Holle on multiple occasions and they had discussed the pros and cons of the plea agreement and the possible outcomes in the event Holle went forward with a jury trial. Counsel told the court that Holle appeared to understand and appreciate the significant impact withdrawing his plea could have on his sentence but Holle insisted he still wanted to do so. Holle also addressed the court, confirming he had discussed the pros and cons of withdrawing his plea with counsel. Holle claimed that he wanted to withdraw his plea because he felt he could have "possibly been able to beat the case" and because it would be easier to appeal from a jury verdict than from a plea. Holle again told the court that at the time he entered his plea, he did not have a full understanding of the length of the potential sentence compared to the amount of time he had already served. Holle confirmed with the court his understanding that he would face a sentence of up to 120 months if he went to trial, versus the approximately 24 months remaining on his 36-month sentence.

The State opposed Holle's motion to withdraw his plea, arguing that he had failed to show good cause to do so. The State specifically reminded the district court that a jury already had been chosen and was ready to proceed with trial at the time Holle suddenly decided he wanted to plead guilty in exchange for dismissal of two of the counts against him.

Applying the test set forth in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006), the district court ultimately held that Holle failed to establish good cause to withdraw his plea. Considering each *Edgar* factor, the court first determined that Holle was represented by competent counsel who was "aggressive" in his efforts. Additionally, the court found that Holle was not misled, coerced, mistreated, or unfairly taken advantage of. The district court noted that Holle told the court at the plea hearing that his plea was not the result of coercion or threats, that a jury had been ready to proceed with trial when Holle entered into his plea, and that the State had agreed to a "significant" departure sentence. Finally, the judge determined that Holle's plea was fairly and understandingly made, stating "there was no doubt in my mind that Mr. Holle had a sufficient awareness of the relevant circumstances of his case and of the likely consequences [of his plea]."

Consistent with the terms of the plea agreement, the district court sentenced Holle to 36 months in prison with a postrelease supervision term of 24 months. Holle timely appeals.

ANALYSIS

In his sole issue on appeal, Holle challenges the district court's decision denying his motion to withdraw his plea.

4

Under K.S.A. 2015 Supp. 22-3210(d)(1) a guilty or no-contest plea may be withdrawn "for good cause shown and within the discretion of the court" at any time before the sentence is adjudged. We will not disturb a district court's decision to deny a defendant's presentence motion to withdraw a plea unless the defendant establishes that the district court abused its discretion. *State v. Kenney*, 299 Kan. 389, 393, 323 P.3d 1288 (2014). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party claiming an abuse of judicial discretion bears the burden of establishing the abuse. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

When determining whether good cause has been shown, Kansas courts consider the following factors, also referred to as the *Edgar* factors: "(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). These factors should not be applied mechanically and to the exclusion of other factors. 299 Kan. at 154.

In support of his argument, Holle does not allege that his counsel was incompetent or that he was misled, coerced, mistreated, or unfairly taken advantage of when he entered his plea. Rather, Holle argues that his plea was not voluntary because he did not understand the maximum sentence he faced upon a conviction at trial. Holle claims he would not have pled guilty and would have taken his chances with a jury if he had known that he would only be subject to a maximum sentence of 10 years. Holle contends that he was willing to risk serving a longer sentence because he had a strong case.

But Holle's argument is contrary to the record. "[A] defendant's waiver of rights in conjunction with a guilty plea must be a voluntary, knowing, and intelligent act

performed with sufficient knowledge of the relevant circumstances and likely consequences." *State v. Horn*, 291 Kan. 1, 11, 238 P.3d 238 (2010). With respect to whether Holle's plea was fairly and understandingly made, the district court judge stated there was "no doubt in my mind that Mr. Holle had a sufficient awareness of the relevant circumstances of his case and of the likely consequences." The record supports the district court's finding. Before entering his plea, Holle signed an Acknowledgment of Rights and Entry of Plea document, which clearly provided that the sentencing range for the crime of battery against a correctional officer was 31 to 136 months. The document further provided that Holle had read and understood its contents. At the plea hearing, Holle agreed that he had read and understood all of the information in the Acknowledgment of Rights and Entry of Plea document, that he had discussed its contents with his attorney, and that his attorney had answered any questions about the document to his satisfaction. Holle also stated that he signed the document freely and voluntarily, without threat or coercion. Moreover, the district court found that Holle was competent, and Holle does not challenge this ruling on appeal. See *State v. Shopteese*, 283 Kan. 331, 340-41, 153 P.3d 1208 (2007) (noting defendant must be competent for his or her waiver of rights in conjunction with guilty or no-contest plea to be considered voluntary).

Holle has failed to establish that the district court's decision was based on an error of fact or law or that it was arbitrary, fanciful, or unreasonable. Therefore, Holle did not meet his burden to show that the district court abused its discretion in denying his motion to withdraw his plea.

Affirmed.