NOT DESIGNATED FOR PUBLICATION

No. 121,287

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WESLEY GRANT LOVETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed July 2, 2020. Affirmed in part, reversed in part, vacated in part, and remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN, J., and TIMOTHY J. CHAMBERS, District Judge, assigned.

PER CURIAM: Wesley Lovett appeals his sentence on two grounds. First, he argues that the trial court erred by adding a six-month penalty enhancement to his base sentence. Second, Lovett argues that the Kansas Sentencing Guidelines Act (KSGA) violates § 5 of the Kansas Constitution Bill of Rights. Because the six-month penalty enhancement violates Lovett's rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), we affirm in part, reverse in part, vacate the six-month penalty enhancement, and remand for resentencing.

1

The State charged Lovett with possession of methamphetamine with intent to distribute, in violation of K.S.A. 2017 Supp. 21-5705(d)(3)(C), with an enhancement for possessing a firearm in furtherance of the drug felony, in violation of K.S.A. 2017 Supp. 21-6805(g)(1)(A). The State's complaint also charged Lovett with aggravated assault, in violation of K.S.A. 2017 Supp. 21-5412(b), felon in possession of a firearm, in violation of K.S.A. 2017 Supp. 21-6304(a)(1), and theft, in violation of K.S.A. 2017 Supp. 21-5801. Lovett pleaded guilty to all counts.

Lovett signed a plea agreement which stated that he "waives jury finding & agrees that gun was possessed in furtherance of a drug felony." The trial court asked Lovett if he understood that he was giving up his right to trial, the right to be presumed innocent, and the right to require the State to prove that he was guilty beyond a reasonable doubt. At sentencing, the trial court found Lovett's criminal history score to be C. On the count of drug possession with intent to distribute, the court imposed a sentence of 123 months' imprisonment, with the 6-month enhancement making it 129 months. The court ran all 4 counts consecutively, resulting in a total of 156 months' imprisonment.

Lovett timely appeals the sentence imposed by the trial court.

*Did the Trial Court Err by Adding a Six-Month Sentencing Enhancement Without Advising Lovett of His Right to Have a Jury Find the Additional Facts?*

Lovett argues that the trial court erred when it added a six-month enhancement to his prison sentence for possession of methamphetamine with the intent to distribute. Citing *Apprendi*, Lovett contends that this enhancement would be constitutionally permissible under only two circumstances:  (1) The sentencing-enhancing facts must be proven to a jury beyond a reasonable doubt or (2) the defendant must knowingly and voluntarily waive the right to have a jury find the sentencing-enhancing facts proven beyond a reasonable doubt. Lovett here does not argue that a jury should have found this

2

fact. Instead, Lovett contends that his waiver was not knowing and voluntary because the trial court did not inform him of his rights under *Apprendi*.

Whether a defendant's constitutional rights as described under *Apprendi* were violated by a trial court at sentencing raises a question of law subject to unlimited review. *State v. Dickey*, 301 Kan. 1018, 1036, 350 P.3d 1054 (2015).

Lovett's argument is based on the United States Supreme Court's admonition in *Apprendi* that facts which would increase a defendant's sentence must be tried to a jury. In *Apprendi*, a criminal defendant argued that his Sixth and Fourteenth Amendment rights under the United States Constitution were violated when the trial court increased his sentence based on a trial judge's finding that the crimes were committed with a biased purpose. The United States Supreme Court reversed and remanded, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

K.S.A. 2017 Supp. 21-6805(g)(1)(A) requires a six-month sentence enhancement upon the factual finding that an offender carried a firearm to commit a drug felony or in furtherance of a drug felony. This provision increased Lovett's prison sentence from 123 months to 129 months. Lovett argues that he did not understand, and was not told, that under *Apprendi* he had the right to require the State to prove the additional facts supporting the sentencing enhancement separate and apart from the underlying drug crime. Lovett points out that his written plea agreement simply states that he waived his jury trial right, but it does not clarify that the *Apprendi* right was ever explained to him. Lovett argues that there is no indication that he knew what he was giving up when he waived his rights and the waiver is therefore invalid as to the sentence enhancement.

3

The firearm enhancement requires a factual finding distinct from and in addition to the elements of the underlying drug crime. And it necessarily extends the term of incarceration of the defendant. For those reasons, the firearm enhancement—like an aggravating circumstance supporting an upward departure—implicates a defendant's Sixth Amendment jury trial rights. See *Apprendi*, 530 U.S. at 490; *State v. Horn*, 291 Kan. 1, 10, 238 P.3d 238 (2010); *State v. Bennett*, 51 Kan. App. 2d 356, 361-62, 347 P.3d 229 (2015). A defendant, therefore, has a constitutional right to have a jury make the requisite factual findings beyond a reasonable doubt. *State v. Gould*, 271 Kan. 394, 405-06, 410-12, 23 P.3d 801 (2001).

In any given case, however, a defendant may waive his or her right to a jury trial as to guilt or innocence and as to any factual circumstance that would increase the presumptive sentence upon conviction. The waiver must be made knowingly and voluntarily on the record in open court. As part of that process, the trial court must inform the defendant of his or her right and then secure a waiver. See *State v. Rizo*, 304 Kan. 974, Syl. ¶ 2, 377 P.3d 419 (2016); *State v. Beaman*, 295 Kan. 853, 858-59, 286 P.3d 876 (2012). Our Supreme Court has held that the colloquy need not include a detailed description of the jury trial right. 295 Kan. at 859. But to obtain a valid waiver, the trial court must specifically point out the defendant's right to have a jury decide any enhancement or aggravating factor. *State v. Duncan*, 291 Kan. 467, 472-73, 243 P.3d 338 (2010); *Bennett*, 51 Kan. App. 2d at 362-63.

The trial court here did not fully explain to Lovett his jury trial right under *Apprendi*. The court generally only discussed Lovett's right to a jury trial for all charges. But the record does not contain any discussion or explanation about whether Lovett desired to waive his right to have the sentence-enhancing facts proven to a jury. Thus, the trial court never conducted a colloquy with Lovett concerning his *Apprendi* right to have all facts increasing his sentence (his possession of a weapon in furtherance of a drug felony) proven to a jury beyond a reasonable doubt. On that basis, the record fails to

show that Lovett's *Apprendi* rights were properly explained to him before he waived them.

We therefore vacate the firearm-penalty enhancement for Lovett's drug conviction. The failure to obtain an adequate jury trial waiver vitiates the proceeding to which a valid waiver would attach. See *State v. Johnson*, 46 Kan. App. 2d 387, 400, 264 P.3d 1018 (2011). Because the waiver was invalid, the firearm-sentencing enhancement must be vacated. As our Supreme Court held in *State v. Obregon*, 309 Kan. 1267, 1276-78, 444 P.3d 331 (2019), the appropriate remedy is to vacate the six-month sentence enhancement and remand to the trial court for resentencing without it.

*Does the KSGA Violate § 5 of the Kansas Constitution Bill of Rights?*

Lovett next argues that the KSGA is "facially unconstitutional" because it provides for judicial determination of a defendant's criminal history, violating § 5 of the Kansas Constitution Bill of Rights. Lovett concedes that this argument has been rejected with respect to the United States Constitution. See *Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Similarly, Lovett admits that our Supreme Court has repeatedly rejected the argument that the KSGA violates the Sixth and Fourteenth Amendments to the United States Constitution. See *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002). We note, however, that those cases relate exclusively to the United States Constitution.

Lovett here asks this court to explicitly consider the precise question of whether § 5 of the Kansas Constitution Bill of Rights guarantees criminal defendants the right to a jury trial on prior conviction findings. Lovett maintains that this case demands us to decide the issue because our Supreme Court has not considered it. On the other hand, the

State argues that our Supreme Court considered and rejected the idea that the § 5 jury trial right is broader than the Sixth Amendment jury trial right in *State v. Conley*, 270 Kan. 18, 35-36, 11 P.3d 1147 (2000). The State argues that our Supreme Court has treated the jury trial right the same under the Kansas and United States Constitutions on this point, and this court is bound to follow that precedent. *Conley*, 270 Kan. at 36; *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011) (holding that this court is bound by our Supreme Court's precedent).

Lovett concedes that he did not raise this issue before the trial court. Constitutional grounds for reversal asserted for the first time on appeal are generally not properly before the appellate court for review. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). But Lovett argues that the issue can be raised for the first time on appeal under the first two exceptions: The question is solely an issue of law and is finally determinative of the case, and it is necessary to prevent denial of fundamental rights. We will consider this claim because it implicates the fundamental right of trial by jury. *State v. Albano*, No. 120,767, 2020 WL 1814326, at *6 (Kan. App. 2020) (holding that the issue of whether the KSGA violated § 5 should be considered to prevent denial of fundamental right), *petition for rev. filed* May 6, 2020.

Lovett's argument boils down to the following broad-brush contention: "[P]rior to Kansas' statehood, American common law required any fact which increased the permissive penalty for a crime—inclusive of an offender's prior criminal convictions—to be proven to a jury beyond a reasonable doubt." We note Lovett conveniently skips from discussion of *Kansas* statehood to *American* common law. That is, Lovett supports his premise by citing to an 1854 case from Massachusetts and an 1859 case from Georgia. Lovett, however, provides no Kansas authority or State statutory history showing that, as a territory or as a new state, Kansas required a previous conviction be proven to a jury.

6

Nevertheless, Lovett goes on to assert the following contingent conclusion: "If this assertion is correct, then it necessarily follows that the sentencing scheme set out by the KSGA—in which judicial findings of criminal history elevate a defendant's presumptive prison sentence—is unconstitutional." Lovett's argument is, verbatim, the precise argument considered and rejected by this court in both *State v. Valentine*, No. 119,164, 2019 WL 2306626, at \*6 (Kan. App. 2019) (unpublished opinion), *rev. denied* 310 Kan. 1070 (2019); and *Albano*, 2020 WL 1814326, at \*6-11.

In *Albano*, this court noted that the identical argument in *Valentine* was rejected for lack of authority in support. 2020 WL 1814326, at \*6-7. Then, this court went further in holding that § 5 of the Kansas Constitution Bill of Rights does not require that a jury find prior convictions beyond a reasonable doubt. 2020 WL 1814326, at \*7-11. In reaching this holding, this court first surveyed the United States common-law history on the question of whether prior convictions must be proven to a jury. 2020 WL 1814326, at \*8-10. That history suggested that "at best there was a historical split on whether prior convictions must be proven to a jury." 2020 WL 1814326, at \*10. Finally, this court surveyed early Kansas cases considering the question of whether prior convictions need be proven to a jury, noting that our Supreme Court decided the matter in *Levell v. Simpson*, 142 Kan. 892, 52 P.2d 371 (1935). There, Levell argued that he had a right to have a jury determine prior convictions under the state and federal constitutions. But our Supreme Court stated with clarity and finality that a defendant "had no such privilege under Kansas law." 142 Kan. at 894. Lovett provides no authority to counter either *Levell*, *Valentine*, or *Albano* and, thus, his argument fails.

For the preceding reasons, we affirm in part, reverse in part, vacate in part, and remand for resentencing.