NOT DESIGNATED FOR PUBLICATION

No. 123,213

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERRY ALLEN HORN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES F. VANO, judge. Opinion filed October 22, 2021. Affirmed.

*Jerry Allen Horn*, appellant pro se.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., SCHROEDER, J., and WALKER, S.J.


PER CURIAM: In 2006, Jerry Allen Horn pled guilty to three counts of aggravated indecent liberties with a child, three counts of aggravated criminal sodomy, and one count of sexual exploitation of a child. After the Kansas Supreme Court remanded his case due to a sentencing error, Horn received a 246-month prison sentence, followed by 36 months' postrelease supervision. Prior to his resentencing, Horn filed a motion to withdraw his pleas, which the district court denied. That denial was subsequently affirmed by a panel of our court. Horn later filed a motion under K.S.A. 60-1507, which

1

was likewise denied by the district court. Once again our court affirmed the district court's refusal to grant relief to Horn.

In the appeal currently before us, Horn filed a motion to correct an illegal sentence, which the district court summarily denied. He now appeals, arguing (1) his sentence is illegal because his due process rights were violated during his plea hearing, (2) his sentence is illegal because the district court failed to pronounce a period of postrelease supervision from the bench, and (3) the district court erred in summarily denying his motion without appointing counsel. After carefully reviewing Horn's arguments and the record before us, we affirm the district court's denial of his motion.

FACTS AND PROCEDURAL BACKGROUND

In April 2005, the State charged Horn with three counts of aggravated indecent liberties with a child, three counts of aggravated criminal sodomy, and one count of sexual exploitation of a child. Horn pled guilty as charged.

The State filed a notice of intent to seek an upward durational departure, and the district court impaneled a jury to consider the matter. The jury found Horn had a fiduciary relationship with his 10-year-old victim, an applicable aggravating factor. Based on that finding, the district court sentenced him to a controlling 468-month sentence.

Horn appealed his convictions and his sentence. *State v. Horn*, 291 Kan. 1, 238 P.3d 238 (2010). The Kansas Supreme Court affirmed Horn's convictions, but due to a sentencing error—the impaneling of the jury for the upward durational departure proceeding—it vacated his sentence and remanded for resentencing without an upward durational departure. 291 Kan. at 12.

After his case was remanded, Horn moved to withdraw his plea, but the district court denied his motion. Following that denial, Horn was resentenced in August 2012—this time receiving a controlling 246-month sentence, followed by 36 months' postrelease supervision. Horn then appealed the district court's denial of his motion to withdraw his plea. A panel of our court affirmed the denial of Horn's motion. *State v. Horn*, No. 108,733, 2013 WL 5925963 (Kan. App. 2013) (unpublished opinion).

In March 2015, Horn filed a K.S.A. 60-1507 motion, which was summarily denied. Horn appealed that decision, and our court affirmed. *Horn v. State*, No. 114,982, 2016 WL 7429319 (Kan. App. 2016) (unpublished opinion).

Most recently, in August 2019, Horn filed a pro se motion to correct an illegal sentence, arguing he was not informed of the maximum potential sentence he faced when he pled guilty in 2006 because he was not advised of the applicable period of postrelease supervision. The district court summarily denied Horn's motion. Although the court noted that during his 2006 plea hearing "[t]here was no mention of a postrelease supervision prior to entry of the plea," it found Horn had already "tried multiple times unsuccessfully to raise the issue concerning the failure to mention postrelease supervision as a consequence of conviction prior to accepting his guilty plea to the multiple felony offenses." The court concluded it was bound by these prior rulings on the issue, noting:

> "If that issue was missed or erroneously addressed by original counsel, original appellate counsel, counsel on the remand, the original sentencing Judge, the appointed counsel for the 60-1507 case, this resentencing Judge, or the Court of Appeals on two different occasions, it is a finished matter under the mandates by which this Court is controlled."

Additionally, the district court concluded that Horn's additional argument that he received a sentence longer than the maximum he was advised of was unpersuasive because the original sentencing court informed him that the maximum possible sentence he could

receive was 492 months' imprisonment—far greater than the sentence of 246 months Horn ultimately received. For these reasons, the court found the motion, files, and record conclusively showed Horn was not entitled to relief.

Horn has timely appealed the denial of his motion.

DISCUSSION

We review the summary denial of a motion to correct an illegal sentence under K.S.A. 22-3504 de novo, since we have the same access to the motions, records, and files as the district court. On appeal, the question we must determine is whether these documents conclusively show the defendant is not entitled to relief. An illegal sentence may be corrected at any time while a defendant is serving their sentence. K.S.A. 2020 Supp. 22-3504(a). But the illegal sentence statute has very limited applicability. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018).

K.S.A. 22-3504 only applies if a sentence is illegal. *Deal v. State*, 286 Kan. 528, Syl. ¶ 1, 186 P.3d 735 (2008). Whether a sentence is illegal is a question of law over which we exercise unlimited review. *Alford*, 308 Kan. at 1338. A sentence is illegal when it (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provision, either in character or punishment; or (3) is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 2020 Supp. 22-3504(c)(1). Because the definition of an illegal sentence does not encompass violations of constitutional provisions, a defendant may not challenge a sentence on constitutional grounds under K.S.A. 22-3504. *State v. Lee*, 304 Kan. 416, 418, 372 P.3d 415 (2016); see also *State v. Hankins*, 304 Kan. 226, 230-31, 372 P.3d 1124 (2016) (noting due process based claim "does not fit within the limited definition of an illegal sentence for K.S.A. 22-3504 purposes").

4

On appeal, Horn first argues his sentence is illegal due to a violation of his due process rights during his plea hearing. While Horn appears to recognize that the grounds for relief under K.S.A. 22-3504 are limited, he nevertheless raises this due process challenge concerning his underlying convictions. In denying Horn's motion, the district court noted that Horn had previously raised these due process issues when he appealed from the denial of his motion to withdraw his plea and the denial of his K.S.A. 60-1507 motion. See *Horn v. State*, 2016 WL 7429319; *State v. Horn*, 2013 WL 5925963.

It is true that Horn has raised similar arguments previously. More importantly, however, K.S.A. 22-3504 is not an appropriate vehicle for addressing the constitutional claim Horn alleges. *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016) ("'[T]he definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision [and] a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence.'"). Accordingly, Horn is not entitled to relief under K.S.A. 2020 Supp. 22-3504 for this claim because it is the wrong procedural vehicle for his due process based claims.

Next, Horn appears to argue that his sentences are illegal because the district court failed to announce a period of postrelease supervision when his case was remanded by the Supreme Court and he was resentenced to 246 months. Despite this contention, the journal entry of judgment from Horn's 2012 resentencing does include a period of postrelease supervision of 36 months. And Horn has not included a transcript from the resentencing hearing in the record on appeal, which was his burden to designate. Without a sufficient basis to evaluate his claim that the district court failed to pronounce postrelease supervision at the time of resentencing, we cannot adequately evaluate Horn's claim. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). Accordingly, based on the only record before us, there is no evidence that the sentences Horn received on remand were *not* in conformity with K.S.A. 2020 Supp. 21-6804(e)(2)(C), which mandates imposition of the postrelease supervision at the time of

5

sentencing. Thus, Horn's claim of alleged error fails. To the extent Horn is attempting to argue that his prior sentences (the sentences which were in place before the remand) are illegal due to a failure to announce postrelease supervision, his argument also fails. Those prior sentences were vacated by the Supreme Court and no longer exist. Horn's current sentences, imposed by the district court following the remand, control and are in conformity with K.S.A. 2020 Supp. 21-6804(e)(2)(C).

Horn also posits that the sentences he received on remand are illegal because they exceeded the maximum penalty he had been previously advised of (again in violation of his due process rights). Horn's argument fails for two reasons. First, as noted above, a defendant may not challenge a sentence on constitutional grounds under K.S.A. 2020 Supp. 22-3504. Second, even if Horn had properly raised this argument under an appropriate motion, the sentences he received on remand require service of less time than the maximum penalty he was advised of at the plea hearing back in 2006. See *State v. Terning*, 57 Kan. App. 2d 791, 795-97, 460 P.3d 382 (2020); *State v. Barahona*, 35 Kan. App. 2d 605, 614, 132 P.3d 959 (2006).

At his plea hearing, the district court advised Horn that the maximum penalty he could face was 492 months, and, after his case was remanded for resentencing, Horn was ultimately resentenced to 246 months in prison followed by 36 months' postrelease supervision. In other words, Horn's actual prison sentence and mandatory postrelease supervision are less than the maximum penalty he was advised of at the plea hearing.

Finally, Horn contends the district court erred in failing to appoint him counsel to represent him and argue his motion. But "K.S.A. 22-3504 does not automatically require a full hearing upon the filing of a motion to correct an illegal sentence." *State v. Hoge*, 283 Kan. 219, 224, 150 P.3d 905 (2007). Our Kansas Supreme court has "consistently rejected . . . that the plain language of K.S.A. 22-3504 requires a substantive proceeding and the assistance of counsel in all cases. . . . [T]he statute's protections do not apply

6

when a court summarily denies a motion to correct an illegal sentence." *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876 (2013). Because the district court appropriately dismissed Horn's motion, he was not entitled to counsel.

Affirmed.