(364 P.3d 962)

Nos. 112,333
112,335

STATE OF KANSAS, *Appellee*, v. SUZANNE HAYDEN, *Appellant*.

Opinion filed December 18, 2015.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., LEBEN and BRUNS, JJ.

BRUNS, J.: After pleading guilty to four counts of theft and one count of making a false information, Suzanne Hayden appeals her sentence. She argues on appeal that the district court incorrectly

found that it could retroactively apply K.S.A. 2011 Supp. 21-6817(b)(4). We find, however, that the 2011 amendments to K.S.A. 2010 Supp. 21-4718(b)(4) (the previous codification of K.S.A. 2011 Supp. 21-6817[b][4]) are procedural in nature. Accordingly, we conclude that the district court properly applied the amended statute retroactively.

Next, both the State and Hayden agree that the district court departed upward on the wrong count of theft. Under these circumstances, we find that the appropriate remedy is to vacate the sentences for all the counts in 11 CR 1335 and remand for resentencing so that the district court may clarify its intent. Lastly, Hayden argues that the State should have been required to prove her criminal history beyond a reasonable doubt—an issue the Kansas Supreme Court has resolved contrary to Hayden's position. Thus, we vacate Hayden's sentences in 11 CR 1335 and remand this case to the district court for further proceedings consistent with this opinion.

## FACTS

On October 3, 2013, in case number 11 CR 1335, Hayden pled guilty to two counts of severity level 5 theft; two counts of severity level 7 theft; and one count of making a false information, a severity level 8 nonperson felony. Approximately 2 months later in case number 13 CR 1254, Hayden pled guilty to one count of severity level 7 theft.

The charges largely revolve around Hayden—doing business as Easy Payroll Services (EPS)—converting funds belonging to her clients or other individuals for personal uses. Between January 2008 and December 2009, Hayden initiated 40 separate transfers diverting a total of $70,864.36 that was earmarked for Fogarty Construction's employee withholding taxes. This formed the basis for Count I—a severity level 7 theft—of case number 11 CR 1335.

Count II of case number 11 CR 1335 alleged a severity level 7 theft. From 2007 to 2010, Hayden transferred approximately $83,000 in federal and state withholding taxes for another client, Dipman Automotive. In regards to Count III—a severity level 5 theft—Hayden diverted approximately $1,000,000 set aside for federal and state taxes for Dr. Hartman, DDS.

Between August 13, 2010 and April 12, 2011, Hayden originated 37 separate Automated Clearing House transactions from National Payment Services (NPS), totaling $111,740.73. Hayden withdrew the funds from EPS's account with First National Bank. This formed the basis for Count IV—another severity level 5 theft—of case number 11 CR 1335. Finally, in case number 11 CR 1335, the State charged Hayden with making a false information—Count V—when Hayden sent a letter of engagement purportedly documenting her business relationship with NPS. The owner of NPS later told investigators that he did not know who Hayden was, that he did not know of any business dealings NPS had with Hayden, and that she was not authorized to withdraw funds from NPS.

In case number 13 CR 1254, Hayden stole $98,627.42 from her employer—Highland Park Funeral Home—by issuing unauthorized checks, using her employer's credit card, and opening and using a credit card that was in the owner's name. Hayden committed these acts while she was on felony bond in case number 11 CR 1335.

On June 21, 2012, the State filed a motion for upward durational departure in case number 11 CR 1335. The motion alleged that "[t]he offense involved a fiduciary relationship which existed between the defendant and the victim," but it did not designate with which victims it believed Hayden shared a fiduciary relationship. On October 29, 2013, Hayden filed a motion objecting to the upward departure sentence, arguing that the statute in effect at the time she committed the crimes operated to preclude the State from seeking an upward departure. On November 12, 2013, the State filed a motion asking the court to impanel a jury for the departure sentence phase in case number 11 CR 1335. In its motion, the State argued that K.S.A. 2011 Supp. 21-6817 is a procedural statute, so the amended 2011 version applies retroactively.

After the parties presented arguments during a hearing on December 11, 2013, the district court granted the State's motion to impanel a jury and denied Hayden's objection. The record on appeal does not contain a journal entry of the district court's order. However, on January 23, 2014, Hayden waived her right to have a jury determine whether she had a fiduciary relationship with Dr. Hartman, Fogarty Construction, and Dipman Automotive.

The case then proceeded to sentencing on May 23, 2014, during which Hayden stipulated that she had a fiduciary relationship with Dr. Hartman, Fogarty Construction, and Dipman Automotive. She nonetheless stated that she wished to preserve her rights for appeal. The State clarified that it was not alleging that Hayden had a fiduciary relationship with NPS—the victim in Counts IV and V. After the district court heard statements from some of the victims, the State gave its recommendation for Hayden's sentence. In doing so, it erroneously stated that Dr. Hartman was the victim in Count IV of 11 CR 1335.

After the district judge returned from a recess, she heard Hayden's sentence recommendation but ultimately denied her motion for a downward dispositional or durational departure and found substantial and compelling reasons for the State's motion to depart. The district judge then sentenced Hayden to serve the following prison sentences:

"In 11CR1335, Count IV is the crime of theft [from NPS], a level 5 nonperson felony. The sentencing range is 46 to 51 months.

"I do find substantial and compelling reasons here. The sentence for Count IV is 102 months. It is presumptive for prison. There's also a special rule that applies. Maximum good time 20 percent. Credit will be given for time served. Post release is 24 months.

"[Count] III, theft [from Dr. Hartman], a level 5 nonperson felony. The sentencing range is 31 to 34 months. A 31-month sentence is imposed.

"Count II, theft [from Dipman Automotive], a level 7, nonperson felony. The sentencing range is 11 to 13 months. An 11-month sentence is imposed.

"Count I, theft [from Fogarty Construction], a level 7 nonperson felony. The sentencing range is 11 to 13. An 11-month sentence is imposed.

"Count V, false writing, a level 8 nonperson felony. The sentencing range is 7 to 9 months. A 7-month sentence is imposed."

The district court also ordered the sentences to run consecutive for a total controlling term of 162 months. It further established restitution in the amount of $1,303,410.52. In 13 CR 1254, the district court sentenced Hayden to serve 46 months in prison and ordered her to pay $98,627.42 in restitution. The district court ordered the sentence to run consecutive to her sentence in 11 CR 1335. Hayden thereafter timely appealed in both cases. On October 10, 2014, we entered an order consolidating the appeals.

## ANALYSIS

Hayden makes three arguments on appeal. First, she contends that K.S.A. 2011 Supp. 21-6817(b)(4) is substantive in nature, so courts may not apply it retroactively. Second, she argues that the district court should vacate the district court sentence only in regards to Count IV and remand to the district court instructing it to impose a gridbox sentence. Lastly, Hayden asserts that the State was required to prove her criminal history beyond a reasonable doubt. We consider her arguments in turn.

*Is K.S.A. 2011 Supp. 21-6817(b)(4) Procedural or Substantive?*

The first question Hayden raises on appeal is whether the district court could retroactively apply K.S.A. 2011 Supp. 21-6817(b)(4) thereby permitting it to impanel a jury to determine aggravating factors. Although the State contends that the statute is procedural and should be applied retroactively, it argues that we should not consider the issue because it is moot. Specifically, the State argues that the issue is moot because Hayden waived her right to have a jury determine aggravating factors and stipulated that she had a fiduciary relationship with her clients, Dr. Hartman, Fogarty Construction, and Dipman Automotive.

As a general rule, we do not decide moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). "An exception to this general rule is recognized where the case involves a question of public interest even though it has become moot as to the parties involved." *State ex rel. Stephan v. Johnson*, 248 Kan. 286, 290, 807 P.2d 664 (1991). Public importance means more than that certain members of the general public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct. *State v. Hilton*, 295 Kan. 845, 851, 286 P.3d 871 (2012). Because we find that the issue of whether the 2011 amendments to K.S.A. 2010 Supp. 21-4718(b)(4) are to be applied retroactively is significant not only to this case but to other cases in which the crime was committed prior to the amendments—and because this is a pure question of law—we find

that the issue raised is one of public importance that we should address on the merits.

Hence, we turn to whether the district court erred by retroactively applying K.S.A. 2011 Supp. 21-6817(b)(4). Interpretation of a sentencing statute is a question of law, and our standard of review is unlimited. See *State v. Phillips*, 299 Kan. 479, 494, 325 P.3d 1095 (2014). The most fundamental rule of statutory construction is that the legislature's intent governs. *State v. Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014). We must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Phillips*, 299 Kan. at 495. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, nor should it read something into the statute that is not readily found in its words. *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014).

In relevant part, K.S.A. 2011 Supp. 21-6817(b)(4) provides:

"If the court determines it is in the interest of justice, the court shall conduct a separate departure sentence proceeding to determine whether the defendant may be subject to an upward durational departure sentence. *Such proceeding shall be conducted by the court before a jury as soon as practicable.* If any person who served on the trial jury is unable to serve on the jury for the upward durational departure sentence proceeding, the court shall substitute an alternate juror who has been impaneled for the trial jury. If there are insufficient alternate jurors to replace trial jurors who are unable to serve at the upward durational departure sentence proceeding, the court may conduct such upward durational departure sentence proceeding before a jury which may have 12 or less jurors, but at no time less than six jurors. Any decision of an upward durational departure sentence proceeding shall be decided by a unanimous decision of the jury. Jury selection procedures, qualifications of jurors and grounds for exemption or challenge of prospective jurors in criminal trials shall be applicable to the selection of such jury. The jury at the upward durational departure sentence proceeding may be waived in the manner provided by K.S.A. 22-3403, and amendments thereto, for waiver of a trial jury. *If the jury at the upward durational departure sentence proceeding has been waived, the upward durational departure sentence proceeding shall be conducted by the court.*" (Emphasis added.)

Prior to the 2011 amendments, the second sentence of the statute provided that a proceeding to determine if a defendant may be subject to an upward departure "shall be conducted by the court

before *the trial jury* as soon as practicable." (Emphasis added.) K.S.A. 2010 Supp. 21-4718(b)(4). Similarly, the last sentence of the statute stated that" [i]f the jury at the upward durational departure sentence proceeding has been waived or *the trial jury* has been waived, the upward durational departure sentence proceeding shall be conducted by the court." (Emphasis added.) K.S.A. 2010 Supp. 21-4718(b)(4). In *State v. Horn*, 291 Kan. 1, 8-9, 238 P.3d 238 (2010), the Kansas Supreme Court stated that the prior statutory language "appears to contemplate the use of an existing trial jury in the separate departure sentence proceeding." It then determined "that a defendant's waiver of his or her right to a jury trial on the issue of guilt mandates that the court, not a jury, will hear the evidence and make the factual findings on the existence of the asserted sentence-enhancing factor."

In the 2011 legislative session, the Kansas Legislature addressed the *Horn* decision by amending K.S.A. 2010 Supp. 21-4718(b)(4) by striking the words, *"the trial"* and replacing it with the indefinite article, "a," so that the statute now simply provides that the determination regarding an upward departure must be made by *"a jury* as soon as practicable." (Emphasis added.) L. 2011, ch. 91, sec. 39. Furthermore, the legislature also removed the words *"the trial jury has been waived"* (emphasis added) from the last sentence of subsection (b)(4), so that it now reads, "If the jury at the upward durational departure sentence proceeding has been waived, the upward durational departure sentence proceeding shall be conducted by the court." L. 2011, ch. 91, sec. 39.

The general rule is that a statutory amendment operates prospectively unless its language clearly indicates a contrary legislative intent. See *State v. Waller*, 299 Kan. 707, 718, 328 P.3d 1111 (2014); *State v. White*, 51 Kan. App. 2d 1121, 1124, 360 P.3d 484 (2015). An exception to this rule, however, is that courts may retroactively apply an amendment to a statute that does not affect a defendant's substantive rights and is merely procedural and remedial in nature. See *State v. Brownlee*, 302 Kan. 491, 509, 354 P.3d 525 (2015). In the criminal context, a *substantive* law is one that declares what acts are crimes and prescribes the punishment while a law is *procedural* when it provides or regulates the steps by which

one who violates a criminal statute is tried and punished. *Easterwood v. State*, 273 Kan. 361, 372, 44 P.3d 1209 (2002).

Hayden argues that the 2011 amendments to K.S.A. 21-4718(b)(4) should be deemed to be substantive because the sentencing statutes in effect at the time she committed her crimes would not have allowed the district court to grant an upward durational departure sentence. In making this argument, she relies heavily on a trio of cases that found certain sentencing statutes to be substantive in nature. In *State v. Freeman*, 249 Kan. 768, 771-72, 822 P.2d 68 (1991), the Kansas Supreme Court held that a statute giving the State an additional 30 days to file a motion to revoke probation was substantive and not procedural because if applied, it would have changed the length of the defendant's probation. In *State v. Sylva*, 248 Kan. 118, 119-21, 804 P.2d 967 (1991), and *State v. Sutherland*, 248 Kan. 96, 103-08, 804 P.2d 970 (1991), the court found that a new statute requiring the district court to modify a sentence if recommended by the State Reception and Diagnostic Center, unless it made other findings, was substantive because the previous version of the statute left modification entirely within the discretion of the district court.

But Hayden mischaracterizes how K.S.A. 2010 Supp. 21-4718(b)(4) operated before it was amended in 2011. Prior to the 2011 amendments, district courts could still conduct an upward durational departure proceeding if a defendant waived his or her right to a jury determination of the issue. See K.S.A. 2010 Supp. 21-4718(b)(4); see also *Horn*, 291 Kan. at 11 (summarizing that "if a defendant waives a trial jury by pleading guilty to the criminal offense and the district court has accepted the plea and the trial jury waiver, K.S.A. 21-4718[b][4] directs that an upward durational departure sentence proceeding is to be conducted by the court, not a jury"). Because both the pre-2011 statute and the post-2011 statute allow a district court to conduct an upward durational departure proceeding, we conclude that the 2011 amendments do not operate to extend the length of Hayden's sentence. As such, the statute does not affect Hayden's substantive rights.

Although the 2011 amendments do not directly state that courts are to retroactively apply them—which Hayden points out—we

find the plain language of the amendments to be procedural in nature. Specifically, the amendments to K.S.A. 2010 Supp. 21-4718(b)(4) do not alter the acts that qualify as a crime nor do they alter the punishment for any crime. Rather, the amendments regulate the procedural steps to be taken in the judicial process to determine any aggravating factors that may justify an upward durational departure. See *Brownlee*, 302 Kan. at 509. Indeed, since the statute was amended in 2011, the Kansas Supreme Court has commented on K.S.A. 2011 Supp. 21-6817 by observing that "the legislature has now established *procedures* whereby sentence-enhancing fact(s), *i.e.*, elements of a greater offense, may be determined by a jury after it has already reached an initial verdict of guilty on the lesser degree of the offense." (Emphasis added.) *State v. Brown*, 298 Kan. 1040, 1047, 318 P.3d 1005 (2014).

Because the 2011 amendments are procedural in nature, the district court did not err by retroactively applying them in Hayden's case. Although Hayden also briefly argues that the application of the 2011 amendments violate the Ex Post Facto Clause, she did not raise this argument below. Constitutional grounds for reversal asserted for the first time on appeal are not properly before an appellate court. See *State v. Bowen*, 299 Kan. 339, 354, 323 P.3d 853 (2014). Moreover, Hayden fails to abide by Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) by explaining why the issue is properly before us. As the Kansas Supreme Court has recently emphasized, "Rule 6.02(a)(5) means what it says and is ignored at a litigant's own peril." *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). Thus, we decline to consider Hayden's ex post facto argument.

*To What Extent Should We Vacate and Remand for Resentencing?*

Both parties agree that this case should be remanded for resentencing. However, they disagree over whether the case should be remanded for sentencing on all of the counts in case number 11 CR 1335—as the State suggests—or only on Count IV (theft from NPS) of case number 11 CR 1335—as Hayden suggests. In her brief, Hayden argues—without citation—that we "must vacate Ms.

Hayden's sentence for count four of 11CR1335 and remand with instructions that the district court impose a gridbox sentence." The State, on the other hand, argues that this court should remand 11 CR 1335 in its entirety so that the district court can depart on the counts for which there was a breach of a fiduciary duty.

It is undisputed that a sentencing departure must be supported by substantial and compelling reasons justifying a deviation from the presumptive guidelines sentence. K.S.A. 2011 Supp. 21-6820(d). "Substantial" means something real, not imagined; something with substance, not ephemeral. "Compelling" means that the court is forced, by the facts of the case, to leave the status quo or go what is beyond ordinary. *State v. Bird*, 298 Kan. 393, 397, 312 P.3d 1265 (2013).

K.S.A. 2011 Supp. 21-6820(f) provides that "[i]f the appellate court concludes that the trial court's factual findings are not supported by evidence in the record or do not establish substantial and compelling reasons for a departure, it shall remand *the case* to the trial court for resentencing." (Emphasis added.) Accordingly, the plain language of the statute provides that in such instances, the entire case should be remanded for resentencing, not simply a particular count. Moreover, "Kansas precedent shows that remand for clarification of departure reasons has been allowed with respect to upward departures." *State v. Blackmon*, 285 Kan. 719, 730-32, 176 P.3d 160 (2008) (citing *State v. Garcia*, 274 Kan. 708, 717, 56 P.3d 797 [2002]; *State v. French*, 26 Kan. App. 2d 24, 27, 977 P.2d 281 [1999]; *State v. Peterson*, 25 Kan. App. 2d 354, Syl. ¶ 2, 964 P.2d 695, *rev. denied* 266 Kan. 1114 [1998]).

Here, it appears from the record that the district court likely intended to grant the upward durational departure sentence on Count III (theft of Dr. Hartman) rather than on Count IV (theft from NPS). Clearly, Hayden stipulated to a fiduciary relationship in regards to Dr. Hartman—as well as to Fogarty Construction and Dipman Automotive—but did not stipulate to a fiduciary relationship with NPS. In addition, the record reveals that other than Count IV, Count III was the only other severity level 5 theft with which Hayden was charged. At the sentencing hearing, the district

court largely referenced the victims as a whole—noting how devastating Hayden's actions were on all of them—rather than speaking about a particular victim. As such, we conclude that it is appropriate to vacate all of the sentences in case number 11 CR 1335 and remand that case to the district court for resentencing as it deems appropriate.

*Must the State Prove Hayden's Criminal History Score Beyond a Reasonable Doubt?*

Lastly, Hayden contends that the district court violated her Sixth and Fourteenth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using her prior convictions to increase her sentence without requiring the State to prove them beyond a reasonable doubt. She candidly acknowledges that the Kansas Supreme Court previously resolved this issue in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). Moreover, she acknowledges that we are bound to follow precedent established by our Supreme Court unless there is an indication that it is departing from the precedent. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). Based on our review of *Ivory*'s progeny, we do not find any suggestion of such departure. See *State v. Barber*, 302 Kan. 367, 386, 353 P.3d 1108 (2015); *State v. Castleberry*, 301 Kan. 170, 191, 339 P.3d 795 (2014); *State v. Smith-Parker*, 301 Kan. 132, 135, 340 P.3d 485 (2014); *State v. McCune*, 299 Kan. 1216, 1234-35, 330 P.3d 1107, *cert. denied* 135 S. Ct. 457 (2014). Accordingly, we find no merit in this argument.

Affirmed in part, vacated in part, and remanded with directions.