NOT DESIGNATED FOR PUBLICATION

No. 119,220

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KARI MARIE RUDDLE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES E. PHELAN, judge. Opinion filed August 9, 2019. Affirmed in part and dismissed in part.

*Vincent Rivera*, of Olathe, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., MALONE, J., and STEVEN E. JOHNSON, District Judge, assigned.


PER CURIAM: Kari Marie Ruddle appeals the district court's judgment following her convictions of two counts of misdemeanor domestic battery. She claims the district court violated her right to testify, failed to advise her of her constitutional right to a jury trial, and violated the separation of powers doctrine when it ordered her to obtain a domestic violence assessment and complete its recommendations as part of her probation. Finding no error, we affirm the district court's judgment.

1

The State charged Ruddle with two counts of misdemeanor domestic battery in violation of K.S.A. 2016 Supp. 21-5414. At Ruddle's bench trial, her roommate testified that Ruddle passed out in their bathroom while doing drugs. The roommate called Ruddle's mother, who then came over to check on her. As the two women were assisting Ruddle, she grew angry, put her arms around her mother's neck, and pinned her against the wall. Ruddle then put her hands on her roommate's shoulders and shoved the roommate. The roommate eventually contacted police who arrested Ruddle. After the roommate testified, the State presented no other evidence.

The district court asked Ruddle's attorney if she wanted to present evidence and her attorney declined to do so. After hearing closing arguments, the district court found Ruddle guilty of both counts of domestic battery. The district court asked counsel if they wanted to proceed to sentencing then or at a later date. Ruddle interjected, saying: "No. I want to go as a witness. It's not fair. I didn't get to say anything." Ruddle also explained that she did not want to come back later, so the district court proceeded to sentencing.

After hearing statements from counsel, the district court gave Ruddle a chance to speak about her sentencing. The following exchange occurred:

> "MS. KARI RUDDLE: The day that this occurred, sir, I was at home in my bathroom. I'll start—
> "THE COURT: Okay, well I've already found you guilty of both counts. So, if you want to say something with regard to sentencing, you have a right to do so.
> "MS. KARI RUDDLE: Then I have nothing further."

The district court sentenced Ruddle to six months in jail on each count of domestic battery to run concurrently. The district court also placed Ruddle on probation for 12

months, and the court ordered her to complete a substance abuse evaluation and a domestic violence assessment and to follow those recommendations. Ruddle appealed.

Ruddle raises three constitutional claims on appeal, but she admits she failed to raise these issues below. Generally, appellate courts do not review constitutional grounds for reversal raised for the first time on appeal. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). There are several exceptions to this general rule, including:  (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the district court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Ruddle has invoked the first two exceptions and argues that we should address her constitutional claims for the first time on appeal. The State does not argue to the contrary. Thus, we will proceed to the merits of Ruddle's claims.

RIGHT TO TESTIFY

Ruddle claims the district court violated her constitutional right to present her defense because the court did not allow her to testify after it convicted her. A criminal defendant has a constitutional right to testify on his or her own behalf under the Fifth Amendment to the United States Constitution's guarantee against compelled testimony, Sixth Amendment Compulsory Process Clause, and Fourteenth Amendment Due Process Clause. *Rock v. Arkansas*, 483 U.S. 44, 51-53, 107 S. Ct. 2704, 97 L. Ed. 2d 37 (1987); *State v. Anderson*, 294 Kan. 450, 465, 276 P.3d 200 (2012).

Even so, the district court has broad discretion to decide whether a party may reopen its case to offer additional evidence. Appellate courts review the lower court's decision based on abuse of discretion. *State v. Horton*, 292 Kan. 437, 438, 254 P.3d 1264

3

(2011). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the State presented testimony from Ruddle's roommate and then rested. The district court asked Ruddle's defense attorney if Ruddle wanted to present evidence. Her attorney declined and the district court allowed the parties to make closing arguments. After hearing arguments from counsel, the district court found Ruddle guilty of both counts of misdemeanor domestic battery. Ruddle made no attempt to assert her right to testify until after the district court had found her guilty of the charges.

Ruddle argues the district court had the power to reopen the case and because she proceeded on a bench trial, the district court should have let her testify. Ruddle fails to cite to any authority supporting her argument. Additionally, Ruddle fails to explain why the district court's denial is an abuse of discretion.

While the district court has broad discretion to reopen a party's case and allow additional evidence, we find no case that supports Ruddle's claim that the district court abused its discretion by refusing to reopen the case after the court had rendered its verdict. See *State v. Brown*, 295 Kan. 181, 209-10, 284 P.3d 977 (2012) (finding no abuse of discretion when the district court allowed the State to reopen its case to prove Brown's age because there was already circumstantial evidence of his age and the jury had not yet heard closing arguments or jury instructions); *Horton*, 292 Kan. at 439-41 (finding that the district court *may* have abused its discretion when it refused to reopen the defendant's case during jury deliberations and remanding for the court to determine if there was prejudice); *State v. Murdock*, 286 Kan. 661, 672-76, 187 P.3d 1267 (2008) (finding no abuse of discretion when the district court allowed the State to reopen and

4

present evidence just after the State rested, but before the defendant presented his case-in-chief).

The district court did not violate Ruddle's right to present her defense through her own testimony. Ruddle failed to timely invoke her right. The district court gave Ruddle a chance to present evidence and she could have testified then. Instead, her attorney declined to present her testimony or any other evidence. The State and defense counsel then agreed to proceed with closing arguments. Afterwards, the district court convicted her based on the evidence before it. Ruddle has failed to show that the district court's refusal to reopen the case to hear her testimony was an abuse of discretion.

CONSTITUTIONAL RIGHT TO A JURY TRIAL

Ruddle claims the district court violated her constitutional right to a jury trial because the court failed to ensure she was adequately advised of this right before she waived it. Whether the district court violated Ruddle's constitutional right is a question of law subject to unlimited review. See *Anderson*, 294 Kan. at 464.

The Sixth Amendment grants a criminal defendant the right to a jury trial, but this right is not unlimited. A defendant has a right to a jury trial when charged with a "serious" crime. *Baldwin v. New York*, 399 U.S. 66, 69, 90 S. Ct. 1886, 26 L. Ed. 2d 437 (1970). But when the defendant is charged with a "petty" offense, the defendant has no right to a trial by jury under the Sixth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 160, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968). Petty and serious offenses are classified based on the seriousness of their punishment. 391 U.S. at 159-61.

In *State v. Woolverton*, 52 Kan. App. 2d 700, 703-06, 371 P.3d 941 (2016), *rev. denied* 306 Kan. 1331 (2017), this court found a defendant had no right to a jury trial because his conviction of misdemeanor domestic battery was a petty offense. In that case,

5

the district court found Woolverton guilty of misdemeanor domestic battery at his bench trial. On appeal, Woolverton argued he should have received a jury trial under the Sixth Amendment. The *Woolverton* court reviewed K.S.A. 2015 Supp. 21-5414(b)(1), which is identical to the statute under which Ruddle was convicted, and found the maximum punishment was six months' incarceration and a fine between $200 and $500. Based on that punishment, the panel found Woolverton was convicted of a petty offense and therefore not entitled to a jury trial. 52 Kan. App. 2d at 703-06; *State v. Sykes*, 35 Kan. App. 2d 517, 523, 132 P.3d 485 (2006) (finding defendant has a constitutional right to a jury trial where imprisonment for the crime *exceeds* six months).

Here, the district court did not err when it failed to advise Ruddle about a constitutional right to a jury trial because she had no such right. The State charged Ruddle with two counts of misdemeanor domestic battery in violation of K.S.A. 2016 Supp. 21-5414(b)(1)—the same charge as in *Woolverton*. Like Woolverton, Ruddle's maximum punishment was six months' imprisonment and no more than a $500 fine for each count. Ruddle's conviction was for a petty offense, so she had no right to a jury trial under the Sixth Amendment. See *Woolverton*, 52 Kan. App. 2d at 703-06; see also *Lewis v. United States*, 518 U.S. 322, 327-30, 116 S. Ct. 2163, 135 L. Ed. 2d 590 (1996) (finding no constitutional right to a jury trial where defendant was convicted of two petty offenses with a maximum sentence of six months for each offense).

Like this court said in *Woolverton*, our ruling should in no way be read to suggest that domestic violence is not a serious matter. See 52 Kan. App. 2d at 707. But the crime of domestic battery is legally classified as a petty offense based on the seriousness of the punishment prescribed by the Legislature for the purpose of determining whether a defendant has a constitutional right to a jury trial. Because the crime is classified as such, Ruddle had no constitutional right to a jury trial on the charge of domestic battery.

Ruddle does not argue that she was denied her statutory right to a jury trial. She cites K.S.A. 22-3403 in discussing our standard of review, but this statute governs jury trials in felony cases. Ruddle's brief does not cite K.S.A. 22-3404 that governs jury trials in misdemeanor cases. An issue not briefed by a party is deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

## SEPARATION OF POWERS DOCTRINE

Finally, Ruddle argues the district court violated the separation of powers doctrine when, as part of her probation, the court ordered her to obtain a domestic violence assessment and complete the recommendations of the assessment. See K.S.A. 2018 Supp. 21-6604(p). Ruddle alleges that this statutory requirement impermissibly delegates the court's authority to define the terms of her probation to a nongovernmental agency—the company completing her domestic violence assessment.

But before reaching the merits of this claim, we will address the State's argument that Ruddle's claim is moot because she has completed her sentence and was discharged from probation. The mootness test has been described as a determination whether "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014). Mootness is a doctrine of court policy developed through court precedent, and so appellate review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. The mootness doctrine is one of court policy, which recognizes that the role of the court is to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be

7

operative, final, and conclusive.'" *Stano v. Pryor*, 52 Kan. App. 2d 679, 682-83, 372 P.3d 427 (2016) (quoting *Hilton*, 295 Kan. at 849).

An exception to the general rule relating to mootness is recognized when the issue "'is capable of repetition and raises concerns of public importance.'" *Hilton*, 295 Kan. at 850. "Public importance means more than that certain members of the general public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct." *State v. Hayden*, 52 Kan. App. 2d 202, 206, 364 P.3d 962 (2015).

Ruddle does not dispute the State's assertion that she has completed her sentence and was discharged from probation on June 18, 2018. Although there are exceptions to the mootness doctrine, Ruddle has not argued them in her brief and she has not filed a reply brief to respond to the State's argument that this issue is moot.

We agree with the State that Ruddle's claim is moot. She alleges the district court violated the nondelegation doctrine of the separation of powers because the court ordered Ruddle to obtain, as part of her probation, a domestic violence assessment and complete the recommendations of the assessment. Even so, Ruddle's controversy ended when her probation terminated on June 18, 2018. Any decision this court would render over her separation of powers argument cannot impact Ruddle's rights because she is no longer under the court's jurisdiction. She has not argued that any exceptions apply. Thus, we dismiss Ruddle's claim as moot.

Affirmed in part and dismissed in part.