NOT DESIGNATED FOR PUBLICATION

No. 123,442

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUMA JELANI WRIGHT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed September 17, 2021. Appeal dismissed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., ISHERWOOD, J., and MCANANY, S.J.

PER CURIAM: Juma Jelani Wright appeals his probation revocation. Wright pleaded guilty to domestic battery, in violation of K.S.A. 2018 Supp. 21-5414(a). The trial court gave Wright 12 months' probation with an underlying sentence of 12 months in jail. Wright was arrested for a probation violation and accrued 12 months of jail credit before his revocation hearing. The trial court revoked his probation, imposed the underlying sentence of 12 months in jail, and awarded 12 months of jail credit. Wright argues that the trial court lacked jurisdiction to revoke his probation because he had

1

served time in excess of his underlying sentence. Because the issue here is moot, we dismiss this appeal.

## FACTS

Wright pleaded guilty to domestic battery in October 2018 after reaching a plea agreement with the State. At sentencing, the trial court followed the plea agreement, giving Wright 90 days in jail followed by 12 months' probation with an underlying jail sentence of 12 months. Wright's sentence did not include any postrelease supervision.

In December 2019, the State moved to revoke Wright's probation. Because of several continuances and a change of defense counsel, the trial court could not conduct an evidentiary hearing on probation revocation until October 2020. Because Wright remained in custody during this time, he accrued over 400 days of jail credit.

At the revocation hearing, Wright asserted that the trial court no longer had jurisdiction because Wright had completed the underlying sentence of 12 months in jail. The State argued that the trial court retained jurisdiction to revoke Wright's probation. But the State agreed that Wright had completed his sentence and thus the trial court could not impose a sanction, modify Wright's sentence, or extend probation.

The trial court then heard evidence and found that Wright violated probation. The trial court revoked Wright's probation, ordered him to serve the underlying sentence, and granted jail credit exceeding his underlying sentence.

Wright timely appeals his probation revocation.

ANALYSIS

Wright argues that, although this case is moot, an exception allows for appellate review. He argues that the issue is capable of repetition and presents a concern of public importance. Because Wright does not show that the question has weight beyond a mere academic curiosity, we dismiss his appeal.

"Generally, Kansas appellate courts do not decide moot questions or render advisory opinions." *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). The mootness doctrine is one of court policy, under which the court is to determine real controversies about the legal rights of persons and properties that are actually involved in the case properly before it and to adjudicate those rights in a way that is operative, final, and conclusive. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020); see *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012); *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, 504, 912 P.2d 716 (1996).

A bright-line test, such as a rule that a sentencing appeal is moot if the sentence is completed, is contrary to Kansas law. *Roat*, 311 Kan. at 592. An issue on appeal will only be dismissed as moot if it can be shown clearly and convincingly that the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and the judgment would not impact any of the parties' rights. *Mundy v. State*, 307 Kan. 280, 288-89, 408 P.3d 965 (2018); *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014). A case is not moot if "it may have adverse legal consequences in the future." *Montgomery*, 295 Kan. 837, Syl. ¶ 4.

Appellate courts commonly apply an exception when an issue "'is capable of repetition and raises concerns of public importance.'" *State v. Kinder*, 307 Kan. 237, 244, 408 P.3d 114 (2018). "Public importance means more than that certain members of the general public are interested in the decision of the appeal from motives of curiosity or

because it may bear upon their individual rights or serve as a guide for their future conduct." *State v. Hayden*, 52 Kan. App. 2d 202, 206, 364 P.3d 962 (2015).

"The party asserting mootness generally bears the initial burden of establishing that a case is moot in the first instance." *Roat*, 311 Kan. at 593. The burden then shifts to the party opposing dismissal to show that dismissal would impair a substantial interest or that an exception to the mootness doctrine applies. 311 Kan. at 593.

Typically, when a person appealing a probation revocation completes his or her sentence before the appeal is decided, "'[a]ny action this court might take in regards to his [or her] probation revocation would be an idle act insofar as [the appellant's] rights in [the] action are concerned.'" *Montgomery*, 295 Kan. at 841. This does not always mean the appeal is moot, as this general rule has exceptions. In some cases, an appeal may proceed after an appellant is released from prison if the appellant will suffer future adverse legal consequences because of dismissing the appeal. See 295 Kan. 837, Syl. ¶ 4.

Because Wright completed his sentence, the State meets its burden to establish that the case is moot. The burden shifts to Wright to show that dismissal would impair a substantial interest or that an exception to the mootness doctrine applies. Wright argues that the issue here is capable of repetition and raises an issue of public concern. He disputes the State's characterization of his circumstances as "'unique and rarefied.'" Wright argues that the Kansas Sentencing Guidelines Act often imposes presumptive probations which are one year or less. See K.S.A. 2020 Supp. 21-6804(a). Wright asserts that the issue is common, listing previous revocation appeals that this court has dismissed as moot because the probationer served out the underlying sentence while the case was pending before this court. But Wright served his underlying sentence even before the trial court revoked his probation. The State asserts that this phenomenon is not likely to repeat. Wright contends that it is.

4

Assuming without deciding that Wright is correct, and the issue is capable of repetition, Wright fails to show that the issue is of public importance. He does not show that the decision in an appeal would bear upon the individual rights of future probationers because he fails to show how the decision would bear upon his own rights. An issue on appeal will only be dismissed as moot if it can be shown clearly and convincingly that the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and the judgment would not impact any of the parties' rights. *Williams*, 298 Kan. at 1082. The actual controversy ended when the trial court awarded jail credit exceeding Wright's sentence and released him. Any judgment entered would be ineffectual for any purpose, which is highlighted by the fact that Wright fails to argue what result a judgment could have. Finally, Wright does not assert any right which a judgment could impact. Wright fails to argue what rights a decision on the merits would affect. He simply asserts that the issue is likely to repeat.

Furthermore, Wright fails to argue that he would suffer future adverse consequences. Also, the trial court did not order additional time in custody or compel Wright to report to probation or postrelease supervision. But in *Montgomery*, Travis A. Montgomery argued that his probation revocation was not moot because it might have "'adverse legal consequences in the years to come.'" 295 Kan. at 842. Our Supreme Court distinguished his case from an appeal of a conviction because the collateral consequences of a conviction are tangible and immediate. The *Montgomery* court gave the example of a defendant's criminal history score as one reason an appeal from a conviction would not be moot simply because the defendant served his sentence. Courts must use criminal history scores to calculate future sentences, so a conviction would have adverse legal consequences in the future. 295 Kan. at 842. Montgomery argued that a probation revocation similarly impacts future sentences, allowing future courts to find that he is not amenable to probation. The *Montgomery* court rejected this argument, noting that Montgomery admitted violating his probation. The *Montgomery* court explained that the

fact of the violation impacts a future assessment of amenability to probation, not whether the trial court revoked probation for that violation. 295 Kan. at 844.

Tony R. Roat argued a different adverse consequence when this court dismissed his probation revocation appeal as moot. He argued that his case was not moot because a decision on the merits would affect his right to bring a legal malpractice claim against his trial attorney. The *Roat* court agreed that the right to bring a legal malpractice suit is a right or interest which could be affected by the dismissal of an appeal for mootness. But the *Roat* court rejected the claim in Roat's case, ruling that he failed to present an adequate theory of his malpractice action to preserve his appeal from dismissal based on mootness. 311 Kan. at 594, 598. Wright offers even less than *Montgomery* and *Roat*, giving no explanation for an ongoing right or interest to justify the exercise of the court's remedial powers on his behalf.

In short, Wright fails to show that the issue is of public importance because he fails to argue which individual right would be at stake, either in his own case or for future probationers. "The range of collateral interests that may preserve an appeal is wide." 311 Kan. at 594. But Wright does not explain which collateral interest preserves his appeal. His failure to show that he has an interest in a decision in this case affirms his statement in his appellate brief that the case "presents almost an academic question." Thus, this confirms that the decision does not have public importance because it would not impact the rights of future litigants either.

For the preceding reasons, we dismiss Wright's appeal as moot.

Appeal dismissed.